Jiang v. Holder

BIA
Cheng, IJ
A097 543 001

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand thirteen.

PRESENT:
JON O. NEWMAN,
JOHN M. WALKER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

CHANG MING JIANG,
*Petitioner,*

v.                                    12-686
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Zhong Yue Zhang, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Alison Marie Igoe,
                       Senior Counsel; Lyle D. Jentzer,
                       Senior Counsel; Kathleen E.
                       Imbriglia, Legal Intern, National

**Security Unit, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chang Ming Jiang, a native and citizen of the People's Republic of China, seeks review of a January 30, 2012, decision of the BIA affirming the April 29, 2010, decision of Immigration Judge ("IJ") Mary M. Cheng, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chang Ming Jiang*, No. A097 543 001 (B.I.A. Jan. 30, 2012), *aff'g* No. A097 543 001 (Immig. Ct. N.Y. City Apr. 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

For asylum applications, like Jiang's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); see *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). Furthermore, for purposes of a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent." *Xiu Xia Lin*, 534 F.3d at 166. We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Id.* at 167. In this case, the agency reasonably based its adverse credibility determination on Jiang's omissions and demeanor.

In his sworn border patrol interview, Jiang did not mention that he left China, or feared returning to China, because of his Christian faith or membership in an underground church, despite being asked why he came to the United States, whether he feared returning to China, and why

3

he feared returning to China.  It was not until his credible fear interview, two weeks later, that he stated that he left China to "avoid persecution" by the Chinese government "[b]ecause [he was] Christian and [] belonged to an underground church."  When discrepancies arise from an applicant's statements in a border or credible fear interview, we closely examine the record of the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible.  *Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004). Here, the record of the border interview bears considerable indicia of reliability, as it provides a verbatim account of Jiang's statements, the questions regarding his fear of return were clearly designed to elicit the details of an asylum claim, the interview was translated by a Chinese interpreter, and Jiang stated at the beginning of the interview that he understood what the border patrol officer was saying, and gave no later indication that he could not understand or was confused.  *See Ramsameachire*, 357 F.3d at 179-80.

4

When asked during his testimony why he omitted any mention of his Christian faith during the border patrol interview, Jiang stated that it was "because the first time I went in there, I did not know" and because the border agent "said he w[ould] not send me back." The agency reasonably declined to credit this explanation as not "plausible . . . or reasonable." *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). In Jiang's brief to the BIA he argued that his response to the question regarding why he feared returning to China was "reasonable under the circumstances" because he left China illegally as a result of his participation in an underground Christian church. While the BIA may have erred in not addressing or considering this explanation, remand would be futile because those statements were made by Jiang's attorney, and are not supported by an affidavit or any other evidence from Jiang. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir. 2005); *INS v. Phinpathya*, 446 U.S. 183, 188-89 n.6 (1984); *see also Majidi*, 430 F.3d at 80-81.

Because the REAL ID Act permits the agency to base a credibility finding on any inconsistency, without regard to whether it goes "to the heart of the applicant's claim," 8 U.S.C. § 1158(b)(1)(B)(iii), Jiang's omission from his

border patrol interview provides substantial evidence supporting the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 166, 167. The adverse credibility determination is further supported by the IJ's demeanor finding. The IJ noted that Jiang's responses to questions were "non-responsive, evasive and rehearsed" and that additionally Jiang was "very hesitant" in answering questions. Because the IJ was in the best position to observe Jiang's manner while testifying, we afford the demeanor finding particular deference. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006).

Given these findings, we conclude that the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Jiang's life or freedom depended upon his credibility, the adverse credibility finding necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief, and we need not reach the agency's alternative conclusion that Jiang failed to demonstrate a well-founded fear of persecution. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

6

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk